IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


KENNETH HALL,

                Plaintiff,

vs.                                                                                    Civ. No. 09-506 JCH/KBM

WALGREENS STORE NUMBER 4950
Clovis, New Mexico, 88101, and
WALGREEN COMPANY CORPORATE OFFICE,
Deerfield, Illinois, 60015
                Defendants.


## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Walgreen Hastings Company's ("Walgreen")[1] *Motion to Dismiss for Failure to Timely Serve the Complaint*, filed June 1, 2009 [Doc. 6]. As grounds for the motion, Defendant argues that Plaintiff waited too long to serve Defendant after filing his complaint. The Court having considered the motion, briefs, attachments, and relevant law, and being otherwise fully informed, finds that the motion is not well taken and will be DENIED.

## BACKGROUND

This case is a personal injury action based on injuries Plaintiff allegedly suffered when a Walgreen's pharmacy allegedly filled his prescription improperly. Plaintiff's Complaint alleges that the negligent act leading to his injury occurred on November 7, 2005. *See* Complaint, attached

---

[1] In Defendant's motion to dismiss, it contends that Plaintiff improperly identified Defendant in the caption, naming two defendants that are not legal entities, rather than Walgreen Hastings Co., which is the legal entity under which the pharmacy at issue operates. Barring a request from Defendant, the Court will not order that the caption be changed. However, throughout this opinion, the Court will refer to Defendant in the singular as "Walgreen."

as Ex. 1 to Doc. 1 (Notice of Removal), at ¶ 12.  Plaintiff filed his Complaint on November 5, 2008, shortly before the expiration of the statute of limitations.  Plaintiff did not serve Defendant with the Complaint until April 23, 2009, over five months after he filed his Complaint.  Defendant contends that this delay in service should result in Plaintiff's claim being dismissed with prejudice.

## ANALYSIS

Rather than setting forth a specific time period in which a plaintiff must achieve service of a complaint, New Mexico law simply provides that a plaintiff must use reasonable diligence to serve a defendant.  *See* NMRA 1-004(C); *Graubard v. Balcor Co.*, 128 N.M. 790, 793 (Ct. App. 2000).[2]  The Court must therefore answer the question of whether Plaintiff has failed to apply due diligence in the prosecution of his suit.  *See Graubard*, 128 N.M. at 793; *Prieto v. Home Ed. Livelihood Program*, 94 N.M. 738, 742 (Ct. App. 1980).  A finding of intentional delay on the part of a plaintiff is not a necessary precursor to finding a lack of due diligence.  *See Graubard*, 128 N.M. at 793.  Rather, the Court must "exercise its discretion in determining whether a delay in service of process demonstrates a lack of due diligence on the part of a plaintiff based on a standard of objective reasonableness."  *Id.*  If the Court determines that Plaintiff failed to exercise due diligence in serving Defendant, it must then exercise its discretion in determining whether the delay warrants a dismissal of the Complaint.  *Id.*

In order to determine whether Plaintiff has been sufficiently diligent in pursuing his claim, and whether his delay in service was objectively reasonable, the Court must look to the circumstances surrounding the delay.  In reviewing the background of this case, as substantiated by

---

[2] Because Plaintiff achieved service before removal of this action to federal court, state procedural rules, rather than federal rules, govern the timeliness of such service.  *See Lee v. City of Beaumont*, 12 F.3d 933, 936-37 (9th Cir. 1993) ("The issue of the sufficiency of service of process prior to removal is strictly a state law issue...."); *see also Johnson v. N.T.I.*, 898 F.Supp. 762, 765 (D.Colo. 1995).

documents submitted by Plaintiff, the Court determines that Plaintiff has pursued his claim with sufficient diligence and, even if his service of Defendant were to be considered unreasonably delayed, this delay does not warrant a dismissal of the Complaint because Defendant has not suffered prejudice stemming from the delay.

On August 2, 2006, more than two years prior to filing suit, Plaintiff's attorney sent a letter of representation to the Walgreen Corporate Office and to the Walgreen location at which the alleged incident occurred, notifying them that he represented Plaintiff with respect to his personal injury claim and requesting contact information for Walgreen's insurance carrier. *See* Ex. A attached to Plaintiff's Response to Defendant's Motion to Dismiss (hereinafter "Pl. Resp.") [Doc. 9]. Shortly thereafter, on August 22, 2006, Defendant's insurance carrier, Sedgwick Claims Management Services, Inc., acknowledged receipt of the representation letter and requested that all future communications regarding the matter be made through them. *See id.* at Ex. B. On April 15, 2008, over six months prior to filing suit, Plaintiff submitted to Defendant's insurance carrier a detailed demand letter, complete with Plaintiff's background, comprehensive medical records, legal citations, and a breakdown of each type of damages sought by Plaintiff. *See id.* at Ex. D. Plaintiff contends that, to accompany the detailed demand letter, he also sent a Settlement Proposal consisting of a "voluminous, Bates stamped, three ring binder containing twenty two (22) tabs of medical records and expenses from nine medical providers, including two hospital admissions, as well as medical records for Plaintiff's pre-existing medical conditions." Pl. Resp. at 2, ¶¶ 4-5. Apparently, after being shuttled around to several different adjusters and entering into preliminary negotiations, Plaintiff ran up against the statute of limitations and filed suit. *See id.* at 3-5.

Plaintiff claims that he did not immediately serve Defendant because "there was some confusion about who was the registered agent to serve," because "there was some operational

confusion between [Plaintiff's primary counsel and co-counsel] about which office was to actually have the Complaint served," and because "the adjuster intimated to [Plaintiff's counsel] that there might still be some opportunity for settling after the Complaint was filed but before actual service of the Complaint because at that time outside counsel would be retained." *Id*. at 6, ¶¶ 24-26. However, because the legal standard does not require the Court to examine Plaintiff's subjective intent in delaying service of the Complaint on Defendant, *see Graubard*, 128 N.M. at 793, the Court need not determine whether Plaintiff's actions were the result of an unintentional mistake or part of a conscious strategy. Instead, the Court must evaluate whether, under these circumstances, a five month delay in formal service on Defendant evidences a lack of due diligence on the part of Plaintiff in pursuing his claim.

That Plaintiff spent the considerable time necessary to complete and submit a comprehensive demand letter supported by voluminous records, followed up numerous times with Defendant's insurance carrier in an attempt to move the case along, allegedly continued to speak with the insurance carrier after filing suit in an attempt to reach a settlement, and served Defendant less than six months after filing suit does not indicate a lack of diligence in prosecuting this action. This case is not like *Graubard*, in which the defendant was not aware of any potential claim against it at the time the statute of limitations ran and did not receive notice of the suit until 17 months after it was filed. *See* 128 N.M. at 791. Nor is it like *Romero v. Bachicha*, 130 N.M. 610 (Ct. App. 2001), where, after filing suit against a mis-named defendant, the plaintiff waited 11 months to amend his complaint and to serve the proper defendant. In *Romero*, prior to the service of the amended complaint, the only notice that the defendant had that the plaintiff might pursue legal action was a set of financial interrogatories sent 17 months before the initial complaint was filed, and well over two years before the defendant was served. *See* 130 N.M. at 615. Plaintiff has

pursued his case much more diligently than the plaintiffs in *Graubard* or *Romero*.

The Court is certainly aware of the danger that a plaintiff could use a long delay in service after filing suit as a way to do an end-run around the statute of limitations, and can envision circumstances in which a defendant would be unfairly prejudiced by such a delay. However, this is not such a case. Even if Plaintiff's delay in service were to be seen as demonstrating a lack of due diligence, the delay does not merit a dismissal in this case because of all of the notice that Defendant had regarding the nature of the suit against it and Plaintiff's likely evidence. Defendant argues that "Plaintiff's delay in serving the Complaint has deprived Walgreen of the opportunity to independently investigate and gather the evidence necessary to defend against Plaintiff's claims." Defendant's Reply [Doc. 10] at 3. This argument would have more force if Defendant had not been on notice of the nature of the complaint and the general outline of the alleged incident for close to three years prior to being served, and if Defendant had not had in its possession details of Plaintiff's entire case, including potential witnesses and exhibits, for almost a year prior to service. Defendant's complaint that the several extra months between suit and service deprived Defendant of its ability to conduct a thorough investigation rings hollow.

## **CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendant's *Motion to Dismiss for Failure to Timely Serve the Complaint* [Doc. 6] is DENIED.

_____
**UNITED STATES DISTRICT JUDGE**